IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DWIGHT D. RICE, DDS, ) | |
| ) | |
| Plaintiff/Counterdefendant, ) | Case No. CV 05-216-S-BLW |
| ) | |
| v. ) | ORDER |
| ) | |
| UNION CENTRAL LIFE INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant/Counterclaimant. ) | |
| _____ ) | |

Currently pending before the Court is Plaintiff's Motion For Protective Order. (Docket No. 27). In the interest of avoiding delay, and because the Court conclusively finds that the decisional process on the pending motion would not be significantly aided by oral argument, the Court will address and resolve the motion without a hearing. Having carefully reviewed the record and otherwise being fully advised, the Court enters the following Order.

**I.**

**BACKGROUND**

At issue in the present action are four disability insurance policies issued by Defendant Union Central Life Insurance Company ("Defendant") to Plaintiff Dwight D. Rice, DDS ("Plaintiff"). In October of 2004, Plaintiff submitted an Application for Disability Benefits, claiming that he was eligible for total disability benefits under the policies because he had a "severe contact allergy to latex and other materials [he] was required to use in the course of his

ORDER - 1

dental practice." *Notice of Removal*, Ex. B, ¶¶ 12-13 (Docket No. 1). Defendant denied Plaintiff's claim for benefits. *Id*. at Ex. B, ¶¶ 20, 26.

On April 26, 2005, Plaintiff filed a Complaint against Defendant in state court bringing claims for breach of contract, negligence, and breach of the duty of good faith and fair dealing, and seeking a judgment declaring Defendant's obligations under the policies. *Id.* at Ex. B, pp. 4-6. Defendant removed the case to this Court and filed an Answer and Counterclaim, requesting a judgment declaring that Plaintiff is not entitled to disability benefits because (i) he is not totally disabled, and (ii) his condition is considered to be a "pre-existing" one under the policies. *Answer and Counterclaim*, p.10, ¶¶ 18-22 (Docket No. 17).

On January 27, 2006, Defendant served Plaintiff with requests for production of documents. (*See* Docket Nos. 1, 15). Request No. 10 states, "Please produce your state and federal tax returns together with any schedules thereto for the years 1998 through the present." *Memorandum in Support of Motion*, p. 2 (Docket No. 28); *Defendant's Response to Motion*, p. 2 (Docket No. 32). Request No. 11 states, "Please produce any documents in your possession referring to or relating to your patient schedule during the years 2002, 2003, and/or 2004." *Id.*

Plaintiff has filed the present Motion for Protective Order because he believes that the information sought by these two requests is not relevant to this action and, therefore, not discoverable. *Memorandum in Support of Motion*, p. 1 (Docket No. 28). Plaintiff specifically requests that the Court enter "a protective order declaring that [he] need not respond to any discovery of any type directed at obtaining information concerning [his] practice scheduling record or financial information" from any time before October 28, 2004, the date on which he

submitted his claim for total disability benefits under the policies. *Motion for Protective Order*, p. 1 (Docket No. 27).

## II.

## DISCUSSION

### A. <u>Standards of Law</u>

The Federal Rules of Civil Procedure create a "broad right of discovery" because "wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for the truth." *Shoen v. Shoen,* 5 F.3d 1289, 1292 (9th Cir. 1993). Rule 26 states that, in general, any matter relevant to a claim or defense is discoverable. Fed. R. Civ. P. 26(b). This rule, however, is subject to limitation. The Court may issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including any order prohibiting the requested discovery altogether, limiting the scope of the discovery, or fixing the terms of disclosure. Fed. R. Civ. P. 26(c). "The Supreme Court has interpreted this language as conferring 'broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required.'" *Phillips ex. rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)).

Additionally, a protective order may issue only "for good cause shown." Fed. R. Civ. P. 26(c). "[I]f good cause is not shown, the discovery materials in question should not receive judicial protection and therefore would be open to the public." *Phillips*, 307 F.3d at 1210. "For good cause to exist the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Id.* at 1210-11. The movant therefore must

ORDER - 3

provide "specific demonstrations of fact, supported where possible by affidavits and concrete examples, rather than broad, conclusory allegations of potential harm." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003) (citation and internal quotation marks omitted); *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) ("'Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.'") (quoting *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986)).  In other words, the party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections.  *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975); *Nestle Foods Corp. v. Aetna Cas. & Sur. Co.*, 135 F.R.D. 101, 104 (D.N.J. 1990).

### B. <u>Discovery of Plaintiff's Financial Information</u>

Plaintiff argues that his personal financial information for all time periods before October 28, 2004—when he submitted his disability benefits application—are not relevant to the determination of whether he was totally disabled *as defined by his insurance policies*.  *Reply Memorandum*, p. 2 (Docket No. 34); *see also Memorandum in Support of Motion*, p. 2 (Docket No. 28).  The relevance inquiry, however, is broader than Plaintiff frames it.  The issue is whether the information is relevant to *any* claim or defense.  *See* Fed. R. Civ. P. 26(b).  In resolving this issue, the Court must consider that "[r]elevant information need not be admissible at the trial if the discovery appears *reasonably calculated to lead to the discovery of admissible evidence*."  *Id.*  (emphasis added).

### 1. Defendant's Request is not Moot

Plaintiff claims that Defendant's request for tax returns from 1998 through the present is moot because Plaintiff previously provided Defendant with tax returns for the years 2001 through 2003 and a Quickbooks profit report for the year 2004. *Reply Memorandum*, pp. 2, 6 (Docket No. 34). If Defendant already has this information, the Court agrees that it is not necessary for Plaintiff to provide additional copies. However, the information provided is for the years 2001 through 2004 only. Defendant's request asks for information from the years 1998 through 2005. Thus, Defendant's request is not moot with regard to the years 1998, 1999, 2000, and 2005. Additionally, the 2004 financial information is a profit report, and not the tax return information requested.

### 2. Production of Financial Information Under the Federal Rules

Plaintiff's insurance policies each state that Defendant "will consider [Plaintiff] totally disabled if a sickness or injury, in and of itself, prevents [him] from performing the material and substantial duties of [his] occupation." *Rice Affidavit*, Exs. A, B, C, & D (Docket No. 30). Defendant contends that, by submitting a claim, Plaintiff has asserted that his condition prevents him from performing the material and substantial duties of his occupation. *Response to Motion*, p. 3 (Docket No. 32). Defendant argues that Plaintiff's tax returns "are relevant to [his] capacity to perform the material and substantial duties of a dentist, because the end result of performing these duties was earning money." *Id.* at p. 4.

Plaintiff responds that the policies contain no requirement that Plaintiff's total disability "be evidenced by decreased income or limited work time prior to" submitting his claim for

ORDER - 5

benefits.  *Memorandum in Support*, p. 4 (Docket No. 28).  He also argues that he "will be *prejudiced in his presentation of this case* if [Defendant] is allowed to obtain the requested information and make inappropriate arguments that [Plaintiff] is not medically disabled because he did not immediately discontinue his work while he endeavored to maintain his practice after developing the initial signs of his skin condition."  *Id.* at p.6 (emphasis added).

Relevant evidence, however, "is not rendered inadmissible merely because it is prejudicial . . .  [i]nstead, evidence should be suppressed . . . only when it presents a danger of *unfair* prejudice."  *United States v. Booth*, 669 F.2d 1231, 1240 (9th Cir. 1981) (internal citations and quotation marks omitted and emphasis added).  Plaintiff has not objected to the requested information under Federal Rule of Evidence 403, which allows for exclusion of relevant evidence "if its probative value is *substantially outweighed* by the danger of *unfair* prejudice."  Additionally, although the policies do not require a Plaintiff to *prove* decreased income or limited work time, these may be facts relevant to determining whether Plaintiff is totally disabled, i.e., unable to perform the material and substantial duties of his occupation and, if so, when he became totally disabled.[1]

Moreover, allowing discovery of potentially relevant evidence does not mean that the evidence will be admissible at trial.  Thus, there is nothing to demonstrate at this time that production of the requested material will prejudice Plaintiff in the presentation of his case at

---

[1] Defendant argues that the information reveals Plaintiff was not rendered totally disabled by his condition.  Plaintiff claims he attempted to work through his condition with medical assistance.  *See Memorandum in Support*, p. 5 (Docket No. 28).  These are credibility and factual issues to be determined by the trier of fact.  The differing positions do not render the requested information irrelevant or demonstrate that the information is not reasonably calculated to lead to the discovery of admissible evidence.

trial. Finally, Plaintiff's argument assumes that the financial information will lead to inappropriate arguments. Defendant, however, has alleged that Plaintiff is not totally disabled pursuant to the terms of his policies, and that it is entitled to discovery to develop this defense. As support for its position, Defendant points to Plaintiff's continued practice of dentistry from 1997 through 2004 while under the care of doctors for his alleged illness/disability.[2] *Answer and Counterclaim*, p. 9 (Docket No. 17). Defendant asserts, and the Court agrees, that "Plaintiff's work schedule and historical earnings are relevant to whether his alleged condition actually impaired his ability to work." *Response to Motion*, p. 4 (Docket No. 32).

In short, "the issue[s] framed by the pleadings" are not limited to "whether Dr. Rice is unable to perform the material and substantial duties of his occupation" only "going forward from the time he submitted his claim under the policies." *Reply Memorandum*, pp. 2-3 (Docket No. 34). Relevant to Defendant's counterclaim and defenses is information that Plaintiff continued to practice dentistry at a consistent level at the same time he suffered from the condition he alleges has left him totally disabled. Plaintiff's expert witness report discusses the progression of Plaintiff's medical condition from 1999 to the time he filed his application for

---

[2] Defendant also believes that Plaintiff may have chosen to stop working not because of a physical disability, but because of a pending arrest and possible conviction for solicitation of a minor over the Internet. On August 12, 2003, Plaintiff was arrested for soliciting a minor and charges were filed against him in federal court. *Lerma Second Affidavit*, Ex. B, at pp. 3, 5 (Docket No. 35). The federal charges were dropped, *id.*, Ex. B, at p. 5, but the Ada County District Attorney, in August of 2004, charged Plaintiff with felony enticement of a child, *Answer and Counterclaim*, p. 9, ¶ 10 (Docket No. 17). In September of 2004, Plaintiff began negotiating with another dentist to sell his practice, *Lerma Second Affidavit*, Ex. B, at p. 5 (Docket No. 35), and then he filed a disability benefits application on October 28, 2004. *Id.* at p. 6. Plaintiff was later convicted of felony enticement of a child in the Fourth Judicial District Court for the County of Ada. *Answer and Counterclaim*, p. 9, ¶ 10 (Docket No. 17). He filed the present action in April of 2005. *Notice of Removal*, Ex. A (Docket No. 1).

ORDER - 7

disability benefits.  *Lerma Second Affidavit*, Ex. A (Docket No. 35).  If, as Plaintiff appears to argue, the only information relevant to this lawsuit is Plaintiff's ability to perform the substantial and material duties of his job from the date of his application forward, then nothing that happened before the date of his application, including information regarding the progression of his alleged disability and medical care, would be relevant.[3]

For all these reasons, and considering that the Federal Rules of Civil Procedure create a "broad right of discovery," *Shoen*, 5 F.3d at 1292, and allow for discovery of information "*reasonably calculated to lead to the discovery of admissible evidence*," Fed. R. Civ. P. 26(b), the Court determines that Plaintiff's financial information may be relevant to Defendant's counterclaim and defenses, regardless of whether that information is ultimately admissible into evidence at trial.  Further, Plaintiff does not dispute that he bears the burden of establishing good cause for why the discovery should not be undertaken.  *Memorandum in Support*, p. 5 (Docket No. 28).  Plaintiff has not met that burden.  Accordingly, Plaintiff's Motion for Protective Order, as it relates to his financial information, is denied.[4]

---

[3] Defendant's counterclaim puts at issue the time period before Plaintiff filed his disability application.  The policies provide that Defendant will not pay disability benefits if Defendant has a pre-existing condition, defined as a condition for which there existed symptoms *within a five year period prior to the date the policy was issued* and treatment or medical advice was recommended by or received from a physician or health care facility.  *Answer and Counterclaim*, p. 8, ¶ 6 (Docket No. 17).  The four policies were issued on February 28, 1997, March 28, 2000, October 28, 2003, and February 28, 2004.  *Rice Affidavit*, pp. 1-2 (Docket No. 30).  Plaintiff filed his disability application on October 28, 2004.

[4] The Court notes that Plaintiff has not objected to the requested discovery on privacy or privilege grounds.  Rather, he argues only that the tax returns are not relevant.  Tax returns and related documents "do not enjoy an absolute privilege from discovery . . . [n]evertheless, a public policy against unnecessary public disclosure arises from the need, if the tax laws are to function properly, to encourage taxpayers to file complete and accurate returns."  *A. Farber and*
(continued...)

### 3.     Production of Financial Information Pursuant to the Policies

Both parties have submitted arguments regarding whether the requested information is discoverable based on provisions in the insurance policies. *Memorandum in Support of Motion*, pp. 4-5 (Docket No. 28); *Defendant's Response to Motion*, pp. 2-4 (Docket No. 32). These arguments include Plaintiff's claim that Defendant has waived its contractual right to be provided with the requested information. *Reply Memorandum*, pp. 2, 4-5 (Docket No. 34). However, because the issue of discoverability has been decided under the federal rules, there is no need to consider what information the parties contracted to exchange during the processing of a disability benefits application. Additionally, the Court concludes that Defendant has not waived its right to request the financial and patient scheduling information under the federal rules, nor has it otherwise waived its right under the insurance contract to request the information. Plaintiff had access to the policies and simply could have read the policies to discover what information he is required to provide to support his application for benefits.

---

[4](...continued)
*Partners, Inc. v. Garber*, 234 F.R.D. 186, 2006 WL 538324, *5 (C.D. Cal. Feb. 15, 2006) (quoting *Premium Serv. Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975) (internal citations and quotation marks omitted)). The party seeking production has the burden of showing relevancy and, once that burden is met, the burden shifts to the party opposing production to show that there is no compelling need for the information because "other sources exist from which the information is readily obtainable." *Hilt v. SFC, Inc.*, 170 F.R.D. 182, 189 (D.Kan. 1997) (citation and internal quotation marks omitted).

   Because Plaintiff has made no argument that Defendant lacks a "compelling need" for the information, and it is his burden to do so, the Court will not exclude Plaintiff's tax return information as privileged or otherwise protected. *See, e.g., A. Farber*, 234 F.R.D. 186, 2006 WL 538324, *5(determining that tax returns and related documents were discoverable, subject to an appropriate protective order, because the opponent had "not shown, or even attempted to show, the information sought is available from other sources"). However, the Court will consider entering a protective order limiting disclosure of the tax return information to the parties and attorneys in this case and governing its use in the litigation, if the parties submit a stipulated protective order within fourteen (14) days of the date of this Order.

Moreover, even if Defendant had waived its right to request the information under the insurance contract, it would not preclude Defendant from requesting information as part of the discovery process under the discovery provisions of the Federal Rules of Civil Procedure.

      C.      **Discovery of Plaintiff's Patient Scheduling Reports**

           1.      **Relevance**

Defendant argues Plaintiff's patient scheduling documents for 2002 through 2004, as requested by Defendant's Request for Production No. 11, will demonstrate what duties he was performing prior to and contemporaneous with his claim for disability.  *Response to Motion*, pp. 3-4 (Docket No. 32).  As explained above, the Court agrees that information from the years when Plaintiff was suffering from his alleged disability, but yet still working, is reasonably calculated to lead to admissible evidence relevant to Defendant's counterclaim and defense of this action. If Plaintiff's medical records demonstrate that his condition did not change in severity and his financial and patient scheduling information demonstrate that he was able to maintain a consistent level of dental practice during these same years, it may tend to affect the weight of his testimony on the impact his symptoms had on his dentistry practice.  Accordingly, the Court concludes that the patient scheduling information is also relevant to this action for purposes of the pending motion.

           2.      **HIPAA**

Plaintiff also requests that his patient scheduling information be protected from discovery because the only information currently available to him are daily production reports, and these reports include patient names, health insurance providers, charges for services, and bill aging.

ORDER - 10

*Memorandum in Support of Motion*, p. 1 (Docket No. 28).  Plaintiff contends that "[m]uch, if not all of the information contained on [the] reports fall under the classification of individually identifiable health information established under HIPAA" and, therefore, his disclosure of this information would violate HIPAA's privacy rule.  *Id.* at p. 7.

Defendant counters that it seeks this information solely to determine what duties Plaintiff performed and in what volume and, accordingly, agrees that any patient identification information could be redacted from the reports.[5]  *Response to Motion*, p. 7 (Docket No. 32).  The Court agrees.

The Health Insurance Portability and Accountability Act of 1996 ("HIPAA") is a complex piece of legislation that addresses the exchange of health-related information. As part of this legislation, Congress delegated to the Secretary of Health and Human Services ("HHS") the authority to make final regulations concerning the privacy of individually identifiable health information.  *See* HIPAA, § 264(b), (c)(1), 110 Stat. 1936, 2033.  The relevant statutory provisions are found in 42 U.S.C. §§ 1320d & d-2 through d-7.  These provisions set the standards by which certain medical or individually identifiable health information may be transmitted from health care providers, such as Plaintiff, to others.  *See* 42 U.S.C. § 1320d (definitions).

"Individually identifiable health information" means any information that is "created or received by a health care provider" and "relates to the past, present, or future physical . . . health or condition of an individual, the provision of health care to an individual, or the past, present, or

---

[5] Plaintiff did not respond to Defendant's claim that the information can be redacted.  *See Reply* (Docket No. 34).

ORDER - 11

future payment for the provision of health care to an individual," that "identifies the individual" or "with respect to which there is a reasonable basis to believe that the information can be used to identify the individual."  42 U.S.C. § 1320d(6).

In February 2001, HHS promulgated regulations to protect the privacy of this type of health information.  *See* 45 C.F.R. § 164.500, *et seq*.  HHS explicitly addressed whether protected health information may be disclosed during judicial proceedings.  *See id.* § 164.512(e).  Its rules provide that care providers may disclose protected health information without patient consent: (1) in response to a court order, provided only the information specified in the court order is disclosed; or (2) in response to a subpoena or discovery request if the health care provider receives adequate assurance that the individual whose records are requested has been given sufficient notice of the request, or if reasonable efforts have been made to secure a protective order.  *Id*. § 164.512(e)(1)(i), (ii).  Protective orders must (1) prohibit use of the protected health information outside the litigation process, and (2) require the return or destruction of the records, including all copies made, at the conclusion of the litigation.  *Id*. § 164.512(e)(1)(v).

The regulations provide that health records are not considered individually identifiable, and thus not "protected health information," if certain information is redacted.  Specifically, "[h]ealth information that does not identify an individual and with respect to which there is no reasonable basis to believe that information can be used to identify an individual is not individually identifiable health information."  *Id*. § 164.514(a).  The following identifiers must be removed to render medical records not individually identifiable:  names; geographic subdivisions smaller than a state (including addresses and full zip codes); all dates directly

related to an individual except years; telephone and fax numbers; email addresses; social security numbers; medical record numbers; health plan beneficiary numbers; account numbers; license numbers; vehicle identifiers; device identifiers; internet addresses; biometric identifiers such as finger and voice prints; photographs of an individual's full face; and any other unique identifying number, characteristic, or code.  *Id.* § 164.514(b)(2)(i).  Records without this data are not considered to be individually identifiable, and therefore are not protected health information. Accordingly, by redacting such data from Plaintiff's daily production report, the reports will no longer contain protected health information and can be produced in discovery, even without a protective order.

For this reason, Plaintiff's Motion for Protective Order as it relates to the patient scheduling information, is denied.  Within twenty-one (21)  days of the date of this Order, Plaintiff shall provide Defendant with appropriately redacted copies of his patient scheduling reports.  Plaintiff shall remove the following information: the patient's name; the name of any spouse, partner, child, and emergency contact; the patient's birth date, social security number, address, telephone number, fax number, and e-mail address; any insurance policy number or group number; any medical record or chart number; and any other information required by 45 C.F.R. § 164.514(b)(2) that might reasonably lead to an individual's identification.[6]  Plaintiff

---

[6]  The Court notes that Plaintiff has not responded to Defendant's claim that the information on the reports can be redacted.  If, however, the parties agree that the better method for production would be to provide the information without redactions, but under a qualified protective order, *see* 45 C.F.R. § 164.512(e)(ii), (v), the Court will consider entering a stipulated protective order. Any such proposed order must be submitted within fourteen (14) days of the date of this Order and must meet the requirements of HHS regulations, i.e., it must permit the use of the health information solely for the purposes of this litigation and require the destruction or return of the records, and all copies made, within sixty days of the resolution of the case.

ORDER - 13

may leave in the records the dates of service, type of service, and any corresponding charge for the service. Once redacted, the records are not considered under the regulations to be individually identifiable, and thus can be produced by Defendant even without a protective order. For this reason, Plaintiff's Motion for a Protective Order prohibiting disclosure of his patient scheduling information is denied.

## III.

## ORDER

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion For Protective Order (Docket No. 27) is DENIED. Plaintiff shall produce copies of his tax returns for the years 1998, 1999, 2000, 2001, 2004, and 2005, and all patient scheduling information from the years 2002 through 2004. Further, Plaintiff's counsel shall produce this information to Defendant's counsel within twenty-one (21) days of the date of this Order.

DATED: **April 26, 2006**.

Honorable Larry M. Boyle
Chief U. S. Magistrate Judge